PEOPLE *v.* CURTIS

KIDNAPPING—CRIMINAL SEXUAL PSYCHOPATHIC PERSON—STATUTE—
REPEAL.
Refusal of trial court on September 23, 1968, to declare defend-
ant accused of kidnapping to be a criminal sexual psycho-
pathic person was proper since the statute providing for such
a determination was repealed and replaced by another statute
effective August 1, 1968 (PA 1968, No 143 [MCLA Cum
Supp § 330.35b *et seq.*; Stat Ann 1969 Cum Supp § 14.825
(2) *et seq.*]).

Appeal from Kent, Roman J. Snow, J. Submitted
Division 3 June 3, 1969, at Grand Rapids. (Docket
No. 6,622.) Decided June 24, 1969.

Robert Buddie Curtis was convicted of kidnap-
ping. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *James K. Miller,*
Prosecuting Attorney, and *Robert J. Stephan,* Chief
Appellate Attorney, for the people.

*Gordon A. Doherty,* for defendant on appeal.

BEFORE: J. H. GILLIS, P. J., and R. B. BURNS
and V. J. BRENNAN, JJ.

REFERENCES FOR POINTS IN HEADNOTE
50 Am Jur, Statutes § 516 *et seq.*
Statutes relating to sexual psychopaths. 24 ALR2d 350.

PER CURIAM. The following facts are derived from the record:

(1) September 7, 1967: A warrant was issued charging defendant with having committed the offense of kidnapping.[1]

(2) November 24, 1967: Assigned counsel filed a motion seeking a psychiatric examination to determine if defendant was a "criminal sexual psychopathic person."[2]

(3) May 8, 1968: Order entered granting motion for psychiatric examination. Three psychiatrists appointed by the court to conduct the examination.

(4) June 26, 1968 and June 28, 1968: Two of the psychiatrists filed a written report with the court. Although the substance of the report of one of the doctors is not in the record, the other doctor, in his written report, stated that in his opinion the defendant was not mentally ill or mentally deficient but was a criminal sexual psychopath as defined in PA 1939, No 165.

(5) September 23, 1968: Order was entered denying defendant's motion to be adjudged a criminal sexual psychopathic person.[3]

(6) October 1, 1968: A jury rendered a verdict of guilty against defendant on the charge of kidnapping.

On appeal defendant lists five issues for our determination:

(1) Did not the court err in determining that defendant could not be adjudged a criminal sexual psychopath?

---

[1] CL 1948, § 750.349 (Stat Ann 1954 Rev § 28.581).

[2] CL 1948, § 780.501 (Stat Ann 1954 Rev § 28.967[1]).

[3] Defendant's motion sought an examination to determine *if* defendant was a criminal sexual psychopath and did not seek specifically an adjudication that defendant *was* a criminal sexual psychopathic person.

(2) Was there sufficient identification of defendant to sustain the conviction?

(3) Was the venue of the offense established at trial?

(4) Was there sufficient evidence that the crime as charged was committed?

(5) Did the court err in appointing an attorney who did not have substantial experience in the field of criminal law to conduct the defense?

PA 1939, No 165, as amended, being CL 1948, § 780.501 to § 780.509 (Stat Ann 1954 Rev § 28.967 [1]–28.967[9]), was repealed by PA 1968, No 143 (MCLA Cum Supp § 330.35b et seq.; Stat Ann 1969 Cum Supp § 14.825[2] et seq.), effective August 1, 1968. The court, therefore, could not make a determination on September 23, 1968, that defendant came within the provisions of an act which had been repealed.

The record amply established, at several points, that the complainant identified defendant. The record further supports a determination that the offense occurred in Kent county and within the jurisdiction of the trial court.

The complainant testified that she was walking her dog one afternoon when defendant pulled up in a blue car, opened his door, got out with a knife in his hand and told the complainant to get in. She testified that she got in the car and that defendant made her sit next to him while he still had the knife in his hand. Defendant started up the car and when he first used both hands to steer, the complainant jumped out. Defendant got out and grabbed complainant and she pretended to faint. Defendant picked her up and started walking toward the car when other people approached. He put her down, got back in the car and drove off. A question

of fact was presented to the jury and there was specific testimony which, if believed by the jury, would support a conviction of the offense charged in the warrant.

We find no error in the last issue. The record demonstrates that defendant's trial counsel was eminently qualified. While defendant's appellate counsel points out that trial counsel had tried only five or six criminal cases in his eight years of practice, the record indicates that he was a worthy advocate on behalf of his client.

Affirmed.